Good morning, your honors. I'm Ryan Archer, and I represent the United States, the appellant in this case. In this case, the defendant indelibly scarred three little girls through his reprehensible sexual abuse of a 5-year-old, an 8-year-old, and 11-year-old little girl. Through his counselor's own testimony, he trained these little girls to conform to his own deviant sexual desires. He did not stop this conduct until two days prior to when the girls finally got enough courage to go and inform the authorities about this type of behavior. Even then, although the defendant confessed to his activities, he did not fully admit to causing this abuse. In fact, he indicated that they started it. He indicated that a 5-year-old little girl placed his hand on her buttocks and started to move it back and forth. He indicated that an 8-year-old girl came in with her towel on, came into the bedroom, locked the door, jumped on top of him, and started kissing him. And because of this, he became aroused and committed the sexual abuse that is at issue in this case. Both Congress and the Federal Sentencing Commission have explicitly found that this type of conduct is so reprehensible, it is deserving of the most significant sentences in the federal system. Count 4 in this case, which the defendant pled guilty to, has a maximum sentence of life imprisonment. It is a Class A felony. In this case, the defendant received a 48-month sentence. This is unreasonable. You know what bothers me as I listen to your argument and read your brief? The prosecutor normally has discretion in how to charge and what to charge. And even when the prosecutor fails to charge some second party who did identically the same thing as the first party, courts say, all right, it's the prosecutor's discretion. The prosecutor can do it. And the courts usually sentences. Now, if what you're saying is so, and there was a mandatory minimum, we'd be where we were in the case you just finished. But there isn't in this case. So where do we draw the line? How do we say, you abuse your discretion if you do A, but not if you do B? I guess you'd say the guidelines determine it, would you? I don't know what you'd say. To clarify, I'm not sure I'm understanding your question completely. I'm understanding. The question is the government usually does not have discretion to decide what the sentence is going to be. Correct, Your Honor. And I gather from your argument the government is deciding in this situation it will have the discretion and it will fix the sentence. No, Your Honor. I believe in this case the argument is simply that the district court here went outside of the standard of deviation of reasonableness here. Not that the government should set the sentence here. It is correct that there is now. What's the measuring rod that the court will use to determine whether what you say is true? What's the measurement? What's the measuring rod that the court will use to determine whether what you say is true? I think that's really the crux of the case here and the crux of the government's argument here. What is the measuring rod? I think if you look in this case, we have several indicators that the district court sentence is unreasonable. First, we have the fact that although the defendant at some point did show remorse and the government acknowledges that, it's not exceptional. It's already accorded in the Guidelines for Acceptance of Responsibility. Additionally, the court wiped away virtually every sentencing enhancement in this case. The enhancement that these three young girls were under the age of 12, that there were multiple victims. There were actually three of them. This is not abuse of just one girl. And the fact that they were especially moldable and malleable. He abused Let me be clear. I understand the argument. As I read the record, I did not get the impression that the court specifically took back the enhancements. But you're saying the effect, the final sentence that was achieved or was imposed, would have matched the base offense level before you added those additional things. Correct. I don't know that the district court's thinking was we're going to disregard the fact that there are multiples and minors and so forth. But just looking at the whole picture, the district court concludes under 3553, a sufficient but not greater than necessary sentence is the 48 months. I understand your argument about the effect of it is like disregarding the extras. But isn't the district court disregarded the fact that there were minors? No, no. On the record, the court added all of those enhancements. But what I'm talking about is when we use a measuring stick, what do we judge reasonableness by? And I believe that's one indicator because the Federal Sentencing Commission has clearly said this type of conduct warrants enhancements. The fact that they were under 12, the fact that he was in the care, that they were in the care and custody of him, the fact that there were multiple victims. And multiple incidences. And multiple incidents, a period of two years, in fact. I think those are specific indicators that Congress, through the Federal Sentencing Commission, has indicated are reasonable factors warranting an enhanced sentence. And so when you effectively, although you add them in your guideline calculation, when you effectively impose a sentence that disregards all of those, that's a measuring stick of reasonableness here. Additionally, in considering the 3553A factors, the government doesn't dispute that the district court, on the record, considered them. However, the government's position is that the district court gave too much weight to only two factors, remorse and rehabilitation. There are numerous other factors that were deserving of weight here. There was the deterrence, the need for deterrence, the need for respect for appropriate sentences. The nature and circumstances of this offense. They were so egregious in this situation that were this defendant convicted of the same offense in count four today, he'd be sentenced to 30 years imprisonment, mandatory minimum. Congress has expressed that as of July of this year. He received a 48-month sentence. And that is unreasonable because it unreasonably gave too much weight to his rehabilitation and his remorse in this case. Let me try to break this down just to make it manageable. As I understand it, there are two different kinds of challenges. One is to the specific findings by the district court that there was exceptional remorse and exceptional post-offense rehabilitation. And you've raised a question I was going to ask you, which is, was it exceptional, what does exceptional mean? And I'll get to that. And the other category is the overall sentence, judging it against the reasonable standard. I think we have to look at that separately depending on whether or not we take the factual findings as they are or decide that they need to be altered. So breaking it down in some fashion, could you start with the exceptional remorse and or the exceptional rehabilitation and speak to what it means, what's the exceptional level, what's that mean, and why doesn't this reach that point? What's wrong with the findings? Yes, Your Honor, it is precisely accurate. The government has two alternative arguments. First, there's the clear error, that the court in this case committed clear error by finding that the remorse and rehabilitation here was exceptional. What we have here, and the government acknowledges that there was uncontested testimony from his counselor that the defendant here expressed remorse and rehabilitation. However, the defendant never said he was sorry on the record. And so how can a district court find that remorse and rehabilitation is exceptional when he never apologized? In fact, in the record, on the record testimony by the defendant all focused on him, his troubles, why he engaged in the conduct he did. When we look at the entire spectrum of conduct here, this is not a case where the defendant You overlooked the fact that there was some indication that the man was suicidal. There is some indication that he was suicidal, yes, Your Honor. And that the suicide was in response to his remorse over what he has done. Now, I'm not suggesting that's the test, but when you argue that it wasn't exceptional, you have to ignore that fact, don't you? I don't think you have to ignore that fact, because that fact is what the government acknowledges, that there was a degree of remorse here. But what I would point to is if you take the entire scope of conduct into consideration, this was not a case where the defendant withdrew from the criminal activity before he was caught. This is not a case where the defendant came in and gave a confession and completely gave himself up. In fact, the defendant here abused the children up until two days prior to when they went in and turned him in. Then he went in and confessed, and he pointed the finger at them. He blamed a 5-year-old and an 8-year-old little girl and an 11-year-old little girl for initiating the contact here. That is not exceptional. The guidelines at Section 3E1.1 talk about acceptance of responsibility. Acceptance of responsibility has to be an admission of not only the conduct of conviction, but if you look at Application Note 1 to that section, it has to be an admission to the conduct of conviction as well as all relevant conduct. In addition, that application note also specifies that acceptance of responsibility requires rehabilitation or treatment, if that's so required. All of these factors account for what happened in this case. There's nothing exceptional beyond the guidelines factors that has already been accounted for. He got three levels for acceptance of responsibility, all that is needed. The evidence, as I look at it, that would principally be cited to support the court's finding would be from his counselor or doctor whose name I'm blanking on at this moment. Dr. Saperito. Who appeared to persuade the court or to who the court appeared to look in reaching this conclusion that this was not the ordinary defendant. Wasn't that sufficient evidence to support the court's finding? That was sufficient evidence to find that at a certain point he expressed remorse and he expressed that and he participated in the program. The problem is that it's not exceptional because that doesn't take into account the full spectrum of activity from the time that he's abusing them to the time that they inform authorities to the time of his first confession.  He's at a point there where he knows that he's going to receive some benefit. He's actually ordered by pretrial services to participate in this treatment and his pretrial release can be revoked if he doesn't participate. So I think the full spectrum of activity really demonstrates that there's clear error. What would be our bottom line, though? If he abused his discretion, what would we say? If we said the sentence is not enough, go back and do it again. What would we say as we sent it back? What would you say if you sent it back? As we sent it back. I'm suggesting you want to send it back. What would we tell him? Yes, Your Honor is correct. We are arguing it was an unreasonable sentence. And I think this impacts Judge Clifton, the second part of Judge Clifton's question, which is even if the court doesn't find that there's clear error, the court still abused its discretion. And to send this back, I think the instruction to the district court would be, you gave too much weight to rehabilitation and remorse in this case. I think it's precisely like the case. Doesn't the Court of Appeals ever know that that's true? Well, I think if you look at the Eighth Circuit case of the United States v. Gall, I think that case is clearly on point. In that case, the defendant actually withdrew from the criminal activity prior to being caught. He went on and got a college degree. He was respected in his community, in his working community. And the court there had a drastic downward variance from the sentence. And on appeal, the Eighth Circuit said, district court, you relied too much on rehabilitation in this case. It was too much. You need to consider other factors, such as deterrence in this case, such as the conduct of conviction. And in this case, there is no conduct that's more egregious than what defendant did here. And so I think if you send this case back down, the instruction has to be, there is a standard of deviation to this case, and district court, you stepped outside of that. And I think it's clear that the district court stepped outside of that because it gave too much weight to only a few factors of Section 3553A. If there are no further questions at this time, I'll reserve the remaining time for rebuttal. If you may. May it please the Court, Nancy Ferguson representing Mr. Winischit. This sentence was reasonable. It was the product of a very thorough and considered application of the factors under 18 U.S.C. Section 3553A to the facts of the case. The findings here, the evidence here was rooted firmly. There was an abundance of it, and there was a very proper application of the factors to it in coming to a reasonable sentence. Does it matter to you that none of all of this remorse, nothing touched him until he was faced with the probability of a very severe sentence, and then suddenly he became quite concerned? Your Honor, the testimony below by Dr. Saperino was actually to the contrary. The prosecutor specifically asked the ---- I don't care what the man said. The record shows he didn't stop until two days prior to the time he was caught. That's right. Now, isn't that what the record shows? Absolutely true. And no matter who he pays to come in as an expert to testify, he can't change that fact, can he? He cannot change the fact that he was caught. Nor can he change the fact of the frequency of the contact with three different children. And, Your Honor, from day one, there has never been an attempt by Mr. Winischit to minimize this behavior. There was never an attempt to ---- Except while he was doing it. He's a sex offender, and the crimes were committed, and they're bad crimes. Never a dispute about that fact. The issue is now taking this type of person, a person who commits this crime, with his circumstances, what ultimately is the reasonable penalty? Factors are required to be looked at under the law. A lot of fathers would think he should be shot. Pardon me, Your Honor? A lot of fathers of daughters would think he should be shot. They're difficult cases. They are offensive cases. And it is for that reason that I think we are here in this posture. Well, the problem I have, and you can tell me how we do it, how does the Court of Appeals tell the sentencing court, you've overstepped your bounds? Now, I know he's got a State Circuit case, but we don't know what happened after the case, after the court, after it went back. I imagine they did re-sentence, but we don't know what happened there. I think ---- What do we say? That points up ---- We say you don't have discretion? No. Well, that's what the governments are advocating. And I think that that's contrary to the law. Booker's ---- Are there limits on the court's discretion? Well, I think that that ---- there are limits probably in an individual case, but that limitation is not subject to a quantitative analysis. It is, as Booker says, as Justice Breyer said in the remedial opinion, appellate courts are guided by the very factors in 3553A in determining whether or not a sentence is reasonable or unreasonable. So, clearly, if a court below were to not apply those factors or were to ignore factors or were to rely on disputed evidence or false evidence, then there could be a case where there is a proper managerial role by the appellate court to say, lower court, you need to do this properly under the law, under Booker, mindful of the factors. But what you have here is an as thorough a record and as thorough and careful of findings as you could possibly have in this kind of case. The government is suggesting that all sex offenders are the same and all sex offenses should be treated the same. They should not. The law does not allow that. And, in fact, the law requires a different application. And that application makes this guy exceptional. What makes him exceptional was his therapist who testified that of several thousand sex offenders that he had dealt with. And this is a man, Dr. Saffarito, is a man who typically works for the State. Out of thousands, I think he said 3,000 to 4,000 sex offenders, this man stood alone with the degree of remorse that he showed when he came in. He was suicidal. He was despondent. He hated himself for what he did, which is contrary to most sex offenders. They are looking to hate other people for catching them. They are in denial. They do not respond well to therapy. And this judge had experience with sex offenders in the State system. She, too, for 14 years has dealt with this type of an offender. So you see somebody like this who comes forward and she has the wisdom, she has the experience, she has the judgment, along with Dr. Saffarito, to say this is different. The police officer who also took his confession said, I was worried about this man. He was suicidal. He was depressed. He was crying. He was, in fact, he had guns in his car that the police officer took away from him. And this is just unabundant. And he confessed to more than the children had told him. He did. Absolutely correct. I mean, if not, if there is no room for deviation in the Federal system, then the government is right. If there is no room for the exceptional offender, then the government is right. But that's not the law. That's not the law. If there is a case, if there were a case — I think you're going to have to say that wasn't the law, because now we've got a mandatory minimum. We do. And the wisdom of that can be debated and left for another day. But that does not apply to him. And it should not in any way influence what occurred in this case based on the applicable law at the time. You know, the government comes before this Court arguing that there was clear error below. They never disputed any of this evidence. There was never an expert that took a look at this, another counselor, anybody who could size it up and say, you know what, this counselor here, this Dr. Saperato, he's been duped by Mr. Wintershit. There was never an objection to any of this evidence. There was never a contrary presentation of evidence. There simply was no dispute. There is no basis whatsoever for the government to claim that there was clear error below. Probably not. But you know why the government's here. You have to know why they're here. Well, Your Honor, the reason I think the government — An unusual sentence, considering the circumstances. Now, I don't think you can get around that, can you? For an unusual case and fully warranted by the record. Let me understand the procedure by which you arrive at the sentence being reasonable. What you're saying is that the remedial decision authored by Justice Breyer says that if the trial court, A, considers certain factors here, remorse and rehabilitation, as being exceptional, and if there is any evidence which bottoms those findings, the fact that other factors under 3553A would cut against the defendant does not make the trial judge's ruling unreasonable. The burden of proof on reasonability is on the government in this case. And as long as there's sufficient evidence to sustain any finding under any of the 3553A factors, then the judge's determination, trial judge's determination is bulletproof. Yes, and I think that that's what most of the Ninth Circuit case law has held so far. Now, there's some movement in this arena right now because — So the appellate court should not take a step back as to the procedure used in arriving at the sentence and see, based on its experience, its concepts, however amorphous, of fairness and reasonability. It should not do a second review. First review, was the procedure followed? Second review, overall, was it reasonable? That second review should not be done. All that has to be done and all that can be done is to look at whether the factors under 3553A were, A, considered, B, whether there's evidence for bottoming any of the findings,  then the burden is on the government in this case to show that that evidence was not properly considered or it was an abuse of discretion to use that evidence. Yes. The overall reasonability of the sentence. I mean, we see here a man of several counts on three children, 5, 8, and 11. It shocks anyone who reads this and has had any experience to see 48 months, especially in view of the last case we saw, right? That should not be a consideration. The shock value, based on the judge's experience in similar things, should not be considered so long as any of the factors are bottomed by evidence. Here, remorse and rehabilitation. All of the factors in 3553A should be considered by a trial court. And he did. Which includes the nature of the offense and certainly the things that Your Honor has mentioned. Three, the range of conduct here that I haven't gotten down to, but the trial court had the benefit of that. There is worse behavior. This is bad. There's no question. But with one of these girls, there was one single touching over the clothes. So we have three, but we also have some range in all of that. But I think that certainly those are all those factors. All the factors need to be adequately considered, and that's the procedural part of this that Your Honor is talking about as a threshold determination. I think Cantrell and the other cases that have dealt with review of reasonableness of the trial court's sentence talk about that. You don't have to go through a litany of every one and do some, you know, flow chart. But you do have to generally discuss the factors, and that includes the nature of the offense. Of course it does. And this Court did that. And once those factors are discussed and there is any evidence which buttresses or grounds the determination that remorse and rehabilitation are exceptional, then the results, the 48 months, cannot by itself be reviewed for reasonability based on our reaction and our experience. Well, I think not, because I think that you're, again, attempting to substitute a substantive judgment by the appellate court for the trial court. And the trial court is the expert. I mean, that's why we repose the discretion in the trial court by virtue of Booker. We take away the mandatory aspect of these guidelines, which the government, frankly, wants to ignore. And it's still advocating for a de facto mandatory sentence. And we now say this is a discretionary decision. You know, you're getting a little difficulty when you say it's based on expertise, because suppose you have a judge like one of the judges sitting here who was a long-time trial judge. Would he give up his expertise because he now becomes an appellate judge? The reason the trial judge has a, he sees the witnesses, and he gets to ask the questions, and we don't. Absolutely correct. If it's expertise, the judge wouldn't leave whatever expertise he had as a trial judge behind when he becomes a circuit judge, would he? He would not. But he would also have some appreciation that that is the centerpiece of a determination of a reasonable sentence is what the trial court's judgment is based on the witnesses, based on the evidence that's been presented. And so for those reasons, very strenuously, we say this was a reasonable sentence. It was grounded in the facts and absolutely in conformity with the law as it presently stands in the Ninth Circuit. The standard, I think one of the things that's difficult. I think you ought to always say, as it stood, because if you tell us as it stands, we might have very good reasons to send this back. Because as it stands now, same facts, same everything, he would be looking at a mandatory minimum, wouldn't he? Your Honor, 20 years ago, he would have been looking at straight probation. I mean, that does not necessarily. I don't know what case you're relying on. Well, I mean, this is a function of a range of experience. All right. With these types of offenders and their penalties. I think we understand your point. Thank you very much. The following? I hope you know we understand that this case and the seriousness, but who has the discretion? Isn't that what we're faced with right now? Yes, Your Honor. And I believe the government's position is not that the district court has no discretion to have a downward variance. To reverse this case and remand for resentencing, you do not need to find that the district court lacks discretion. You only need to find that there's a range of discretion. And in this case, the district court crossed that line. There's a range of sentences that are reasonable in this case for this type of serious conduct. And having a downward variance, 48 months, that essentially wipes away all of the sentencing enhancements indicated by the Federal Sentencing Commission, the seriousness of the congressional mandate on these types of crimes. Departing that far down simply is unreasonable here. And it's unreasonable because the district court misallocated the weight of the 3553A factors. I think to answer Judge Bea's question to the defense counsel is that just because the district court makes a finding does not mean that its discretion is locked in and unable to be reviewed at the circuit court. I think the Tenth Circuit case in the United States v. Cage explicitly addresses this. In that case, the district court had evaluated all of the 3553A factors and had come to the conclusion that an extreme downward variance was possible. However, the Tenth Circuit said that can still be unreasonable. And it can be unreasonable because the district court, while the findings may not be challengeable, while the findings may be good and solid and on a solid foundation, the district court misallocated the weight of those factors. And I think that's this court's discretion. This court can still look and say, okay, district court, your findings are okay. We disagree with them. Now, you've already heard our position is that this was not exceptional remorse and rehabilitation. But even if you find that it was and that the district court was justified in making that conclusion, I still think that this court and the case law coming out of the Tenth Circuit shows that this court can still evaluate those factors in light of the district court's application of 3553A and say, although your findings are okay, you gave too much weight to only a couple factors and you did not actually give appropriate weight to factors such as deterrence, the nature of the offense in this case. I know what you want us to do, Mr. Archibald. And I know you know that you didn't find a whole lot of cases that reversed the trial court's discretion. And I realize why you keep referring to the one you found, because they're rare. Correct, Your Honor. And this one is a different one. The prior one I cited was United States v. Gall, and that's in the Eighth Circuit. Also in the Eighth Circuit is United States v. Medeiros, which also found that too much weight was given to rehabilitation. But you are correct. The Ninth Circuit has not yet found that a sentence was unreasonably low. But I think that the facts of this case and what the district court did here on this record, I think this is the case where the district court crossed the line. And just to address a factual point. Do you think that we have to write an opinion in this case whichever way we decide? Because there's no Ninth Circuit court case holding one way or the other? Your Honor, I believe that this case would be worthy of an opinion. I don't think that you would have to write an opinion on this case just because of the egregiousness of the facts and the circumstances here. However, because there is no Ninth Circuit case on point, this may be warranting that type of treatment. And just to address a brief factual consideration that Judge Ferris, you brought up with defense counsel. Although the defense counsel has continually stated that the defendant here came in and confessed to more than the girls told him, he never actually, in fact, confessed to the fact that he abused the 11-year-old three times, which she now says. He says it was only one time. And you also have an 8-year-old little girl talking about him orally touching her private parts. And the fact that the defendant came in and confessed when he didn't know what the girls had said is just not exceptional in this case. Thank you. Thank you. Thank you. I do thank both counsel for the argument. The case just argued is submitted, and we are in recess. Thank you. Thank you. Thank you.
judges: Farris, Clifton, Bea